UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-CR-60080 Singhal /Strauss

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA,

vs.

CHRISTOPHER GIL,

        Defendant.

_____/

FILED BY R.P.B. D.C.

APR 0 2 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

#### The Small Business Administration

1. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enabled and provided loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

*The Paycheck Protection Program*

3.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020, designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic.  One source of relief that the CARES Act provided was the Paycheck Protection Program ("PPP"), which authorized forgivable loans to small businesses for job retention and certain other expenses.

4.      The SBA promulgated regulations concerning eligibility for a PPP loan.  To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business.  The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation on February 15, 2020, and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. Payments to independent contractors are typically reported to the Internal Revenue Service ("IRS") on a "Form 1099-MISC."  In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

5.      In addition, a business applying for a PPP loan was required to provide documentation showing its payroll expenses. This payroll information was material to the application because, pursuant to statutory requirements and implementing regulations, the amount of the loan that typically could be approved was a function of the applicant's historical payroll

costs, consisting of compensation to its employees whose principal place of residence was the United States, subject to certain exclusions.

6. Individuals who operated a business under a "sole proprietorship" business structure were eligible for a PPP loan. To qualify for such a PPP loan, individuals had to report and document their income and expenses from the sole proprietorship. Sole proprietorships typically report their income and expenses yearly to the IRS on a "Form 1040, Schedule C." As with other PPP loans, this information and supporting documentation was used to calculate the amount of money the individual was entitled to receive under the PPP. The maximum PPP loan amount for a sole proprietor with no employees was $20,833.

7. PPP loan applications were processed by participating lenders and third-party loan processors. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA.

8. The proceeds of a PPP loan could be used only for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments for the business. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, or jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

9. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the borrower utilized 60% of the loan in the 24 weeks post-disbursement toward payroll costs and utilized the remaining 40% on qualified expense items (e.g., mortgage, rent, and utilities).

10.     Applying for PPP loan forgiveness was a separate process that required additional affirmations that the applicant satisfied the eligibility for PPP loan forgiveness. Whatever portion of the PPP loan was not forgiven was serviced as a loan.

## The Defendant

11.     **CHRISTOPHER GIL** was a resident of Broward County, Florida.

## Relevant Entities

12.     Lender 1 was a participating lender in the PPP, and was based in Phoenix, Arizona.

13.     Lender 2 was Lender 1's bank, based in Memphis, Tennessee, and funded PPP loans approved by Lender 1.

14.     Loan Processor 1 was a third-party loan processor, based in Scottsdale, Arizona, that processed PPP loan applications for Lender 1.

15.     Bank 1 was a financial institution based in Sioux Falls, South Dakota, with branch offices in the State of Florida.

## Wire Fraud
### (18 U.S.C. § 1343)

16.     From in or around April 2021, through in or around October 2021, the exact dates being unknown to the United States, in Broward County, Florida, in the Southern District of Florida, and elsewhere, the defendant,

### CHRISTOPHER GIL,

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in

4

interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

17. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself by, among other things: (a) submitting and causing the submission of a false and fraudulent application for a PPP loan made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; and (b) submitting and causing the submission of a false and fraudulent application for forgiveness of a PPP loan.

## THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among others, the following:

18. **CHRISTOPHER GIL** submitted and caused the submission of a materially false and fraudulent application for a PPP loan to the SBA and Loan Processor 1, which contained materially false and fraudulent information as to the defendant's monthly payroll, gross revenue, and purpose for the loan, among other things.

19. **CHRISTOPHER GIL** submitted and caused the submission of materially false and fraudulent information and documentation in support of the application for the PPP loan, including a falsified Internal Revenue Service Schedule C form.

20. As a result of the false and fraudulent PPP loan application submitted as part of this scheme, on or about May 28, 2021, Lender 1 approved **CHRISTOPHER GIL's** PPP loan application and Lender 2 disbursed the loan proceeds in the approximate amount of $20,830 to **CHRISTOPHER GIL** at Bank 1 account ending in 5555.

21. In furtherance of the scheme and artifice, **CHRISTOPHER GIL** submitted and

5

caused the submission of materially false and fraudulent information to the SBA—i.e., that the loan proceeds were used on approved business expenses under the PPP program and that **CHRISTOPHER GIL** had 11 employees—to cause and attempt to cause the forgiveness of **GILL's** PPP loan.

22.    On or about October 13, 2021, the SBA forgave **CHRISTOPHER GIL's** PPP loan.

## USE OF WIRES

23.    On or about May 28, 2021, in Broward County, Florida, in the Southern District of Florida, and elsewhere, **CHRISTOPHER GIL**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is, the transmission of an Automated Clearing House payment in the amount of approximately $20,830 from Lender 2 to Bank 1 account ending in 5555, in the name of **CHRISTOPHER GIL**.

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

1.    The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CHRISTOPHER GIL**, has an interest.

2.    Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States any property, real or

personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

TREVOR C. JONES
ASSISTANT UNITED STATES ATTORNEY

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

CASE NO.: 26-CR-60080 Singhal /Strauss

v.

**CERTIFICATE OF TRIAL ATTORNEY**

CHRISTOPHER GIL,

_____/
Defendant.

**Court Division** (select one)
- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☒ FTL
- ☐ WPB

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☒ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
TREVOR C. JONES
Assistant United States Attorney
FL Bar No.        92793

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: CHRISTOPHER GIL

Case No: 26-CR-60080 Singhal/Strauss

Count #: 1

Wire Fraud

Title 18, United States Code, Section 1343

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice the pecuniary loss or gain, whichever is greater**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America )
v. )
CHRISTOPHER GIL, )
)
*Defendant* )

Case No. 26-CR-60080 Singhal/Strauss

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Michael Gottlieb
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 26-CR-60080Singhal/Strauss

## BOND RECOMMENDATION

DEFENDANT: CHRISTOPHER GIL

50,000 Personal Surety

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   TREVOR C. JONES

Last Known Address: 176 SE 2nd St

Deerfield Beach, FL 33441

What Facility: _____

Agent(s):   SA Kelly DiPietrantonio
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
FBI